**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30180 |
| Plaintiff-Appellee, | D.C. No. 1:05-cr-00140-SPW |
| v. | |
| RICHARD REDFIELD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Richard Redfield appeals from the district court's judgment and challenges

the 11-month sentence imposed upon his third revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Redfield contends that the sentence is substantively unreasonable in light of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Redfield's request for oral argument is denied.

his willingness to admit his violations, the nature and age of some of his violations, the time he served in state custody for one of his violations, and the brain injury he suffered in 2014. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The high-end sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Redfield's repeated violations of supervised release. *See Gall*, 552 U.S. at 51; *United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir. 2007) (at a revocation sentencing, violator may be sanctioned for breaching the court's trust).

**AFFIRMED.**